CHARLES F. HOSEY *vs.* L. L. FERRIERE.

Attachment at law cannot be sued out in this State by a non-resident plaintiff against a non-resident defendant.

A different rule, predicated upon a different statute, regulates attachments in chancery.

THIS cause is brought into this court by writ of error to the Harrison circuit court.

The defendant in error sued out of the above named circuit court a writ of attachment; it is deemed unnecessary to notice any other parts of the record except the affidavit and bond given as a foundation for the writ of attachment, as the court based its decision upon a defect in them apparent upon their face.

The affidavit commenced as follows, viz :

" THE STATE OF MISSISSIPPI, Harrison County.

" Before me the undersigned, justice of the peace, came Julius Monet, attorney for L. L. Ferriere, of New Orleans, who, being sworn on his oath, says that Charles F. Hosey, of the State of Louisiana, is justly indebted to said Ferriere," &c.

The bond given by the plaintiffs in the attachment, commenced as follows :

" Know all men by these presents, that we, Julius Monet, of the county of Harrison, and State of Mississippi, attorney of L. L. Ferriere, of the city of New Orleans, State of Louisiana," &c. &c.

A motion was made in the court below, by James McDugald, Esq., attorney for the defendant, to quash the attachment, for insufficiency in the affidavit.

The court below overruled the motion, and after other proceedings, the case is brought to this court for revision.

No counsel appeared for the plaintiff in error.

*R. W. Webber*, for the defendant in error.

It is contended that the judgment of the circuit court ought to be affirmed, because no question can arise as to the sufficiency of the attachment, as the plaintiff here does not rely on the errors of the court below on that point.    4 Harris & McHenry, 446.    Am. Com. Law, title Attachment.

Mr. Justice CLAYTON delivered the opinion of the court.

The record in this cause is prolix and complicated, presenting several points which might be considered; but in our view, a single one will dispose of the case.    It is an attachment in the circuit court of Harrison county, sued out by one citizen of Louisiana against another citizen of the same State, as is set forth upon the face of the proceedings.    It was a case at law.    A motion was made to quash the attachment, which was overruled.    If this were erroneous, all the subsequent proceedings are affected by it, and we may still reverse for that error.

The laws in regard to attachments confer extraordinary remedies, and are to be confined to the cases embraced in their express terms.

The eleventh section of the statute, which relates to attachments against absconding debtors, does not, especially when taken in connection with the twelfth, confine the right to proceed to citizens of this State, but seems to extend it equally to all.    But the sixteenth section, which regulates the proceeding against non-resident defendants, expressly limits the right to residents of this State.    It is needless to inquire why the distinction is made.    It is plainly drawn.    Good reasons in policy may be assigned for it, and it must be observed.

This attachment cannot be sustained without an entire disregard of the distinction, and without extending the laws beyond their obvious import.    The construction here adopted, has been long since enforced in Tennessee, under a similar statute.    Cook's Rep. 49.

This decision will have no influence upon an attachment in

Hosey *v.* Ferriere.

chancery, in reference to which, a different rule, to some extent, has already been laid down by this court, That rests upon a different statute.

The judgment will be reversed, the motion to quash sustained, and the attachment dismissed.